U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 0 1 2005

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BRADLEY S. COUTEE | DOCKET NO: 1:05 CV 1110 |
| | SECTION P |
| VS. | JUDGE DRELL |
| WARDEN, NATCHITOCHES DETENTION CENTER | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before this Court is a petition for *habeas corpus* relief filed pursuant to 28 U.S.C. § 2254, by *pro se* petitioner, **BRADLEY S. COUTEE** ("Petitioner"), on June 13, 2005. Petitioner is currently incarcerated at the Natchitoches Detention Center in Natchitoches, Louisiana and names the Warden as the sole respondent.

### FACTS AND PROCEDURAL HISTORY

On December 19, 2003, petitioner was convicted and given 5 years probation, in the Tenth Judicial District Court of Louisiana ("10th JDC"), Parish of Natchitoches. Petitioner violated the terms of his probation on December 23rd, 2004. Subsequently, his parole was revoked. Petitioner petitioned the trial court on June 20th 2005 for a writ of habeas corpus, this was denied on an unspecified date.

Petitioner asserts that he did not directly appeal his conviction. [Rec. Doc. 1, p. 3].

1

**STATEMENT OF CLAIM**

Petitioner alleges that he is being held in violation of the Constitution because he is not being given credit for "street time" (the time he spent on probation). Petitioner alleges that he should be given credit towards his current jail sentence for time spent on probation. While this assertion lacks merit, Petitioner's failure to exhaust state court remedies will provide the basis of this dismissal.

**LAW AND ANALYSIS**

*Habeas corpus* relief is available to a person who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254. However, the right to pursue *habeas* relief in federal court is qualified. The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding is well established. 28 § U.S.C. §2254; See also, Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

The exhaustion requirement is designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings . Lundy, 455 U.S. at 518. In order to exhaust, a petitioner must fairly present all of his claims to the state's highest court. O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728, 1732-33 (1999); Magouirk v. Phillips,

144 F.3d 348 (5th Cir. 1998) *citing* Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir. 1985); Deters v. Collins, 985 F.2d 789, 795 (5th Cir.1993); Richardson v. Procunier, 762 F.2d 429 (5th Cir. 1985). The exhaustion of state remedies assists the federal courts by developing a factual record, allowing the application of the state's correctional expertise to the prisoner's claims, and hopefully resolving disputed issues without the necessity of federal court intervention. McCullough v. Johnson, 2001 WL 301400 (N.D. Tex)*citing*, McKart v. United States, 395 U.S. 185, 193-195, 89 S.Ct. 1657, 1662-1663(1969).

In the instant case, the *habeas* petition clearly reflects petitioner's failure to exhaust Louisiana state court remedies before proceeding to this Court for review. Petitioner admits he did not directly appeal his conviction. [Rec. Doc. 3-1. P. 3]. Currently pending in the 10th J.D.C. is Petitioner's application for relief. [Rec. Doc. 3-1, p. 5] Thus, there exists an available corrective process in the state courts to protect petitioner's rights.

**Accordingly,**

**IT IS RECOMMENDED** that petitioner's claim for *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE** so that the petitioner may exhaust state court remedies.

### OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and

Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have **ten (10) calender days** from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objections or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to by the aforementioned party, except upon grounds of plain error.**[1]

---

[1] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

4

**THIS DONE AND SIGNED** in Alexandria, Louisiana on this 1st day of September, 2005.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE